Curia, per

Dunicin, Ch.
It is supposed that the decree below is at variance with the judgment of the Court of Errors in Ex parte Wamer and ivife, (Dudley’s Eq. Rep. 154.) Perhaps it is proper to remark that the case of Warner and wife, was carried to the Court of Errors in consequence of a division of opinion in the Appeal Court of Chancery. It ,was ultimately decided by a bare majority of the Court of Errors, and the judgment was expressly restricted to the conclusion to which the Circuit Chancellor had arrived, to wit, that the petition should be dismissed.
By the will of Pendarvis, certain portions of his estate were bequeathed to his children, Amanda and Joshua; and it was provided “that in the event of either of my children dying, leaving no issue, in that case it is my will and devise, *46 that his or her share shall go to the surviving one.” Wm. L. Pendarvis was a posthumous child, for whom, no provision was made by the will. In 1834, proceedings were instituted in the Court of Chancery for the purpose of having a contribution under the Act of 1789, and a division was accordingly made.. Wm. L. Pendarvis having died the following year, about two years of age, a petition was filed by Amanda and Joshua, claiming the share which had been allotted to Wm. L. on the ground “that they were entitled by law to be re-instated in the same situation, as if the posthumous child had not been born.” The petition was dismissed by the Chancellor, and his conclusion was affirmed by the Court of Errors. It seems to be assumed, by the appellant, as the decision of the court in Ex parte Warner and wife, that under .the Act of 1789, the posthumous child would take an absolute estate in the portion made up for him, although the estate of his brothers and sisters may; under the will, be only for life, or years, or qualified and restricted in any other manner. Such does not seem to this court to be the correct interpretation of the Act, or of the decision. Some expressions of the Chancellor may leave the impression that such was his opinion, although he distinct^ states that “he supposes the posthumous child takes only a share of the particular interest or estate, whatever that may be, which is given to the child provided for by the will. For instance, a father gives to his son A for life, and' at his death to a stranger. The posthumous child takes only a share of A’s life estate, and holds for the life of A. Then upon the death of the posthumous child, the estate does not upon that event go over, to the stranger, by the limitation of the will. It is transmitted to his legal representatives and next of kin, to be held until the termination of the estate pur autre vie.” It is afterwards said “if Joshua should hereafter die leaving no issue, then the ques- *47 tioii may be made, whether the entire estate given to him by his father’s will, including the portion received by William, and which is now to be distributed between himself and his mother, shall go over to Amanda — that is to say, whether William took, subject to the contingency.”
Edwards, for the motiom
Neither in that case nor in this was it necessary to decide the point; and in the decretal order made at the Circuit, it was only intended to leave this matter in precisely the same situation in which it had been left by the decision of the court, in the case of Warner and wife.
If the terms of the order admit of a different or more extended construction, they must be so modified and restricted.
Johnston and Johnson, Ch., concurred.